IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LINDA BIRD

        Plaintiff,

v.                                              No.  08-2852-JPM-cgc

GTX, INC. and
UNION SECURITY
INSURANCE COMPANY,

        Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
TO THE ADMINISTRATIVE RECORD

Before the court are Plaintiff's Motion for Discovery (D.E. # 37) and Plaintiff's Objections to the Administrative Record (D.E. # 41).  Chief Judge Jon P. McCalla referred the matters to the magistrate judge for determination.  (D.E. #42).  A hearing on the matters was held on November 10, 2009.

A.   Background

Plaintiff filed her Amended Complaint alleging a denial of long-term disability benefits by Union Security Insurance Company (USIC), the issuer and claim administrator of the group long-term benefits policy held by her former employer, GTX, Inc.  Am. Comp. ¶¶ 1, 2, 10.  USIC filed a 2,587 page administrative record (D.E. #32).  Plaintiff moves for discovery seeking "training, claims manuals and other materials utilized by the decision-makers" as well as "the

depositions of the individuals who reviewed Plaintiff's claims." Motion for Discovery at 1. USIC responds that 1) the proposed discovery requests attached as an exhibit to Plaintiff's motion are directed to GTX and 2) judicial review is limited to the "Administrative Record before the claim administrator at the time of the final benefit determination . . ." Response (D.E. #38) at 1. Plaintiff's objection to the administrative record is based on her belief that "the Administrative Record is [not] complete because it does not appear to contain claims manuals or administrative precedents necessary to comply with ERISA claims handling regulations . . . [and] that there are other documents that are not contained within the Administrative Record . . ." Objection at 1.

**B.     Motion for Discovery**

> Fed. R. Civ. P. 26(b)(1) limits the scope of discovery in any civil litigation to
>
> > any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff asserts in her written motion and at oral argument that this court has exempted ERISA actions from Rule 26. This is simply not the case. In *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir.1998), the Sixth Circuit held that district courts are to follow a two-step process in adjudicating an ERISA benefit action:

> 1. As to the merits of the action, the district court should conduct a *de novo* review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

> 2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006) (citing *Wilkins*, 150 F.3d at 618-19). If there is a procedural challenge to the administrator's decision, the *Wilkins* exception permitting discovery would apply. In his concurring opinion, Judge Gilman offered administrator bias as an example of a procedural challenge. *Id*. at 618.

After *Wilkins*, the district courts of the Sixth Circuit wrestled with what showing was required to permit a plaintiff to go forward with limited discovery. The courts were caught between two compelling interests—limited judicial review as a means of resolving benefits disputes inexpensively and expeditiously, *Perry v. Simplicity Eng'g.*, 900 F.2d 963, 967 (6th Cir. 1990), and the promotion of the "interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits," *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 113 (1989). In response, the courts of our circuit either required that the ERISA plaintiff do more than allege a conflict of interest to be entitled to discovery[1] or held that the ERISA plaintiff was not required to make any threshold showing.[2]

However, the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct.

---

[1] *See Putney v. Medical Mutual of Ohio*, 111 F. App'x 803 (6th Cir. 2004); *Likas v. Life Insurance Co. of North America*, 222 F. App'x 481, 486 (6th Cir. 2007); *Huffaker v. Metropolitan Life Insurance Co.*, 271 F. App'x 493, 504 (6th Cir. 2008); *Bradford v. Metro. Life Ins. Co.*, No. 3:05-CV240, 2006 WL 1006578, at *3-4 (E.D. Tenn. Apr. 14, 2006); *Ray v. Group Long Term Disability Policy*, No. 2:06-cv-0460, 2007 U.S. Dist. LEXIS 2169 (S. D. Ohio Jan. 11, 2007); *McInerney v. Liberty Life Assurance Co. of Boston*, No. 06-2681-MaV, 2007 WL 1650498, at *2-4 (W.D. Tenn. June 4, 2007).

[2] *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286 (6th Cir. 2005); *Kalish v. Liberty Mutual/Liberty Life Assurance Co. of Boston*, 419 F.3d 501, 508 (6th Cir. 2005); *Moore v. Lafayette Life Insurance Co.*, 458 F.3d 416 (6th Cir. 2006); *Pratt v. Walgreen Income Protection Plan for Store Managers*, No. 3:05-1062, slip op. (M.D.Tenn. Dec. 6, 2005).

2343 (2008) provided much needed clarity on the place that conflict of interest holds in the evaluation of the administrator's decision. The question presented in *Glenn* was "whether a plan administrator that both evaluates and pays claims operates under a conflict of interest in making discretionary benefit determinations" and "how any such conflict should be taken into account on judicial review of a discretionary benefit determination." *Glenn* at 2347. In *Firestone*, the Court held that there was a conflict of interest where an employer occupied the dual role of administrator and payor. *Firestone* at 948. MetLife urged the Court to find that there was a distinction in situations where an insurance company is engaged by the employer to occupy the dual role. The Supreme Court affirmed the Sixth Circuit's holding that a conflict of interest did exist and that the conflict should be weighed as a factor, consistent with the *Firestone* holding. *Glenn* at 2350.

Relevant to the discovery discussion, the Court went on to hold that it is not "necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules." *Glenn* at 2351. The practical implication of this holding is to resolve the "threshold or no threshold" debate in favor of the ERISA plaintiff. In the instant case, it is not disputed that USIC occupies the administrator/payor role. Therefore, a conflict of interest exists and limited discovery as to the conflict is warranted[3].

The task left to the lower courts to resolve is shaping the contours of the limited discovery. Again, guided by the mandates of Rule 26, the court may order discovery that is "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible

---

[3] At oral argument, USIC offered the Sixth Circuit's recent opinion in *Cox v. Standard Insurance Co.,* 2009 WL 3460698 (6th Cir. October 29, 2009) for the proposition that conflict of interest is only relevant in "close cases." ("In close cases, courts must consider that conflict as one factor among several in determining whether the plan administrator abused its discretion in denying benefits." *Cox*, 2009 WL 3460698 at *3.) Respectfully, the Court can find no reference in the text of *Glenn* which contains this limiting language.

evidence." The district courts of our circuit that have considered the question have established a consistent set of boundaries to guide the parties in crafting appropriate discovery requests.

Permitted areas of inquiry include:

- "incentive, bonus or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims[4]"
- contractual connections between USIC and the reviewers utilized in Plaintiff's claim ("the Reviewers"), and financial payments paid annually to the Reviewers from USIC[5]
- statistical data regarding the number of claims files sent to the Reviewers and the number of denials which resulted[6]
- number of times the Reviewers found claimants able to work in at least a sedentary occupation or found that claimants were not disabled[7]
- documentation of administrative processes designed only to check the accuracy of grants of claims (limited to claims guidelines actually consulted to adjudicate Plaintiff's claim)[8]

Improper areas of inquiry (without further showing of relevance) include:

- personnel files, performance reviews and pay records of USIC employees[9]
- information regarding the training and qualifications of the Reviewers[10]

The above lists are guidelines derived from recent cases examining the ERISA discovery

---

[4] *Myers v Prudential Ins. Co. of America*, 581 F.Supp.2d 904, 914 (E.D. Tenn. 2008)
[5] *Pemberton v. Reliance Standard Life Ins. Co.*, 2009 WL 89696, No. 08-86-JBC, *3 (E.D. Ky. Jan. 13, 2009)
[6] *Id.*
[7] *Id.*
[8] *McQueen v. Life Ins. Co. of N. America*, 595 F.Supp.2d 752, 755-6 (E.D. Ky. 2009)
[9] *Myers*, 581 F.Supp.2d. at 914; *Pemberton*, 2009 WL 89696 at *3.
[10] *Pemberton*, 2009 WL 89696 at *4

question. This limited scope should enable the Plaintiff to obtain information necessary to explore the extent of the conflict of interest without being unduly burdensome to USIC. Plaintiff submitted proposed discovery requests with her motion for discovery. To the extent that the requests are not consistent with this order, they are stricken.

### C.     Objection to the Administrative Record

The administrative record in an ERISA case includes all documentation submitted during the administrative appeals process because this information was necessarily considered by the plan administrator in evaluating the merits of the claimant's appeal. See *Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005) ("Our review is confined to the administrative record as it existed on [the date] when [the administrator] issued its final decision upholding the termination of [the claimant]'s [long term disability] benefits."); *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 976 (9th Cir. 1999) (excluding evidence only where failing to do so "would lead to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it.").

Plaintiff does not argue that the Administrative Record as submitted to the court omits documents or reports that were submitted during the claims process. Rather, Plaintiff seeks to utilize the "Objection" as a means to obtain discovery of "claims manuals or administrative precedents." As the court has addressed Plaintiff's Motion for Discovery, the Objection is overruled as MOOT.

### D.     Conclusion

For the reasons stated above, Plaintiff's Motion for Discovery is **GRANTED**. Plaintiff's Objection to the Administration Record is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 13th day of November, 2009.

                                                <u>s/ Charmiane G. Claxton</u>
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE