IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LINDA BIRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:08-cv-02852-JPM-cgc |
| ) | |
| GTX, INC., and UNION ) | |
| SECURITY INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S RULE 56(f) MOTION TO STAY RESPONSE TIME**

Before the Court is Plaintiff's Rule 56(f) Motion to Stay Response Time, filed October 1, 2009. (Docket Entry ("D.E.") 46.) Defendant Union Security Insurance Co. ("USIC") filed a response in opposition to Plaintiff's motion on October 15, 2009. (D.E. 52.) The Court held a telephonic hearing on Plaintiff's motion on November 24, 2009. (D.E. 63.) For the following reasons, the Court DENIES Plaintiff's motion.

**I. Background**

Plaintiff in this ERISA case seeks long-term disability benefits from Defendant USIC under a plan issued to GTx, Inc., Plaintiff's former employer.[1] (Am. Compl. (D.E. 16) 1-3.) USIC filed a Motion for Summary Judgment on September 29, 2009, (D.E.

---
[1] Plaintiff also sought stock options from GTx, Inc., but has settled that claim. (Consent Order Dismissing Def. GTx, Inc. with Prejudice (D.E. 47).)

1

39), on the grounds that Plaintiff failed to exhaust her internal remedies before bringing this suit.  See Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 418 (6th Cir. 1998) (citations omitted). Additionally, USIC argues that the Court should dismiss Plaintiff's claims with prejudice because the time for pursuing her internal remedies has expired.  See Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 230 (4th Cir. 2005); Harris v. Pepsi Bottling Group, Inc., 438 F. Supp. 2d 728, 734 (E.D. Ky. 2006).

## II. Analysis

Under Rule 56(f), "[i]f a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to [permit further discovery]; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).

"Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious."  Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989).  As is clear from the text of the rule, an affidavit in support of a 56(f) motion must identify specific facts necessary to oppose the motion for summary judgment.  See Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196 (6th Cir. 1995).  The Court may deny a 56(f) motion where the party opposing summary judgment offers only vague, general, or conclusory

2

assertions regarding the facts sought to be discovered. <u>Centra, Inc. v. Estrin</u>, 538 F.3d 402, 420-21 (6th Cir. 2008).

 Plaintiff has failed to satisfy the requirements of Rule 56(f). Plaintiff's affidavit at best implies, and only in a vague manner, that USIC lacked an internal review process sufficient to impose on Plaintiff the duty to exhaust. This is insufficient to carry Plaintiff's burden of pointing in good faith to specific facts that Plaintiff needs to discover in order to oppose summary judgment. <u>See</u> <u>Emmons</u>, 874 F.2d at 356-57.

 Accordingly, the Court DENIES Plaintiff's Rule 56(f) Motion to Stay Response Time.

 IT IS SO ORDERED this 30th day of December, 2009.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

3