IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LINDA BIRD,                       )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )     No. 2:08-cv-02852-JPM-cgc
                                  )
GTX, INC., and UNION              )
SECURITY INSURANCE CO.,           )
                                  )
    Defendants.                   )

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant Union Security Insurance Co.'s ("USIC") Motion for Summary Judgment (Docket Entry ("D.E.") 39), filed September 29, 2009. Plaintiff filed her response in opposition on October 17, 2009. (D.E. 53.) USIC filed a reply brief with leave of Court on November 4, 2009. (D.E. 58.) For the following reasons, the Court GRANTS USIC's motion for summary judgment.

**I. Background**

Plaintiff in this ERISA case seeks long-term disability benefits from Defendant USIC under a plan issued to GTx, Inc., Plaintiff's former employer.[1] The question raised by USIC's summary judgment motion is whether Plaintiff exhausted her

---

[1] Plaintiff's suit also sought stock options from GTx, Inc., but she settled that claim. (See Consent Order Dismissing Def. GTx, Inc. with Prejudice (D.E. 47).)

1

internal remedies before filing this suit, and if not what the impact of that failure to exhaust is.

The following facts are undisputed for purposes of USIC's summary judgment motion because Plaintiff put forth no admissible evidence to contest them and did not file a statement of disputed material facts as required by Local Rule 7.2(d)(3). The Court will nonetheless draw all reasonable inferences in Plaintiff's favor because she is the party opposing the motion for summary judgment.

Plaintiff stopped working at GTx, Inc. in late 2004 due to health issues.  (Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") Ex. 1, Falen Am. Decl. ¶ 5.)  Plaintiff's claim for long-term disability benefits was approved effective February 28, 2005.  (Id.)  USIC subsequently determined that Plaintiff was not qualified for long-term disability benefits because she was capable of being gainfully employed.  (Id.; Falen Decl. Ex. A ("Denial Letter") 1.)  USIC notified Plaintiff of this denial in a letter dated November 6, 2007.  (Id.; Denial Letter 1.)  The denial letter and accompanying materials explained USIC's internal appeals process.  (Denial Letter 4; Falen Decl. Ex. B ("Appeal Information Notice") 1-2.)

The ERISA plan at issue provides for two levels of administrative review.  (Id. at 1.)  Plaintiff appealed the initial denial of benefits, and USIC denied Plaintiff's first-

2

level review on April 16, 2008. (Falen Decl. ¶ 6; Falen Decl. Ex. C ("First-Level Appeal Denial Letter").) Plaintiff, through counsel, notified USIC on August 29, 2008 that she would challenge that denial; this letter indicated, however, that it would serve as Plaintiff's notice of appeal only if Plaintiff's counsel was not permitted more time to investigate the matter. (Falen Decl. Ex. D ("Aug. 29, 2008 Letter from Plaintiff's Counsel).) On September 9, 2008 Plaintiff's counsel submitted additional documents to USIC and requested that this submission be considered Plaintiff's "notice of appeal." (Falen Decl. Ex. E ("Sept. 9, 2008 Notice of Second-Level Appeal").) Plaintiff's counsel then submitted more materials for consideration in the appeal on October 2, 6, and 10, 2008. (Falen Decl. Ex. F ("Additional Information Letters").) On October 12, 2008 USIC contacted Plaintiff's counsel to determine whether further information would be submitted so that USIC could schedule Plaintiff's second-level review.[2] (Falen Dec. Ex. G ("Oct. 13, 2008 Fax").)

Plaintiff's counsel did not respond, and on November 12, 2008, USIC again contacted Plaintiff's attorney to determine

---

[2] One of the phone calls that USIC made to inquire about the status of Plaintiff's appeal apparently took place between USIC and Plaintiff's counsel's assistant rather than Plaintiff's counsel, although the subsequent fax from USIC confirming the substance of that conversation was addressed to Plaintiff's counsel. (Def.'s Resp. in Opp'n to Pl.'s Rule 56(f) Mot. to Stay Resp. Time 9 n.6.) Plaintiff has not raised this as an issue before the Court, and the Court finds that it does not create a material issue of fact with regard to the circumstances of Plaintiff's administrative appeals.

whether additional information would be submitted. (Falen Decl. Ex. H ("Nov. 12, 2008 Fax").) This communication indicated that Plaintiff's claim would be scheduled for second-level review if USIC received no further communication from Plaintiff within thirty days. (Id.)

Plaintiff's counsel responded on November 18, 2008. (Falen Decl. Ex. I ("Nov. 18, 2008 Letter").) This response was vague as to whether additional material would be forthcoming. (See id.) On November 24, 2008 Plaintiff herself emailed both USIC and her attorney. (Falen Decl. Ex. J ("Bird Email").) Plaintiff's email indicated that she would be submitting more material to USIC after meeting with a physician. (Id.) USIC contacted Plaintiff's counsel on December 17, 2008 to determine whether and when the additional material described in Plaintiff's email would be submitted. (Falen Decl. Ex. K ("Dec. 17, 2008 Fax").) Plaintiff filed this suit the same day, December 17, 2008, before submitting any additional materials to USIC. (D.E. 1.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4

56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). However, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'" Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a

5

reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

USIC makes two arguments in support of its summary judgment motion. First, that the Court must dismiss Plaintiff's claim because she failed to exhaust her administrative remedies. Second, that the Court must dismiss Plaintiff's claim with prejudice because the time for pursuing her administrative remedies has expired. The Court will address each argument in turn.

**a. Failure to Exhaust Administrative Remedies**

"Every employee benefit plan covered by ERISA is required 'to afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.'" Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 504 (6th Cir. 2004) (quoting 28 U.S.C. § 1133). The Sixth Circuit requires ERISA claimants to exhaust their administrative remedies prior to bringing suit. Id. (citing Miller v. Metro. Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991)). "The exhaustion requirement 'enables plan fiduciaries to efficiently

6

manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" Id. (quoting Ravencraft v. UNUM Life Ins. Co. of Am., 212 F.3d 341, 343 (6th Cir. 2000)).

The undisputed evidence shows that Plaintiff filed this suit prior to completing her internal appeals.  Plaintiff argues that completion of the appeals process would have been futile, and that moreover USIC lacked an appropriate administrative review process, because USIC failed to provide Plaintiff with a copy of the administrative record.[3]

These assertions in Plaintiff's brief are meritless.  They lack citations to any evidence and there are no affidavits or other sworn statements to support the contentions.  Further, the undisputed record of correspondence between Plaintiff, Plaintiff's counsel, and USIC suggests that Plaintiff and her attorney did receive the required materials.  (See Def.'s Reply Mem. Exs. A, B, C, D, & E.)  Plaintiff has failed to establish by "clear and positive" evidence that exhaustion would have been futile.  See Coomer, 370 F.3d at 505.  Nor has she made any

---

[3] Futility in the ERISA context typically refers to a showing that "it is certain that [the] claim will be denied, not merely [a] doubt[] that an appeal will result in a different decision." Coomer, 370 F.3d at 505 (quoting Fallick v. Nationwide Mut. Ins. Co. of Am., 212 F.3d 341, 419 (6th Cir. 2000) (quotation marks omitted)).  Plaintiff has not attempted to make such a showing.  The Court will nonetheless address Plaintiff's futility argument as she has presented it.

7

showing that Defendant failed to provide her with the administrative record. See Alexander v. CareSource, 576 F.3d 551, 560 (6th Cir. 2009) (conclusory statements that merely restate the requirements of the law are not sufficient to defeat summary judgment).

Plaintiff also asserts that her claim was "deemed denied" because USIC had not rendered a decision on her second appeal by the time Plaintiff filed her suit. This argument is based on a regulation that has not been in force for nearly a decade. 29 C.F.R. § 2560.503-1 was amended in 2000, and the "deemed denied" language was removed as to claims like Plaintiff's filed on or after January 1, 2002. Bard v. Boston Shipping Ass'n, 471 F.3d 229, 236 n.7 (1st Cir. 2006) (citations omitted).[4]

Plaintiff has made no attempt to argue the point under the governing regulation. Nor has she responded to the apparent application of 29 C.F.R. § 2650.503-1(i)(4), which tolls a plan's deadline for rendering a decision on appeal while the plan waits for the claimant to respond to a request for additional information necessary to decide the claim. See 29 C.F.R. § 2650.503-1(i)(4). "It is not [a court's] job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted

---

[4] Under the current regulation, if a plan fails to comply with ERISA's time limits the claimant is considered to have exhausted her administrative remedies. Bard, 471 F.3d at 236 n.7 (citing 29 C.F.R. § 2560.503-1(l)).

8

hints and references scattered throughout the brief." Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009); see also Keylon v. City of Albuquerque, 535 F.3d 1210, 1217 n.2 (10th Cir. 2008) (same); Corley v. Rosewood Care Ctr., Inc. of Peoria, 388 F.3d 990, 1006-07 (7th Cir. 2004) (same).  Plaintiff's claim is DISMISSED for failure to exhaust her administrative remedies. See Coomer, 370 F.3d at 506.

### b. Dismissal with Prejudice

Courts typically dismiss unexhausted ERISA claims with prejudice where the opportunity to pursue administrative remedies has expired.  See, e.g., Gayle v. United Parcel Serv., 401 F.3d 222, 229-230 (4th Cir. 2005) (holding that dismissal with prejudice is appropriate where an ERISA claim is time-barred because the plaintiff brought suit before exhausting the internal appeals process and the time for pursuing that process has expired, and noting that in such circumstances "[a]ny remaining dispute must be resolved between the plaintiff and her lawyers"); Harris v. Pepsi Bottling Group, Inc., 438 F. Supp. 2d 728, 734 (E.D. Ky. 2006) (holding that dismissal with prejudice is appropriate where the time for internal appeals has lapsed).

Under the terms of the plan Plaintiff could only appeal the denial of her first-level review within 180 days of that decision, which was issued on April 16, 2008.  The appeals

9

period expired in October 2008, over a year ago.  Plaintiff's claim is DISMISSED WITH PREJUDICE.

## IV. Conclusion

For the foregoing reasons, Plaintiff's claim is DISMISSED WITH PREJUDICE.  Plaintiff's Motion for New Scheduling Order (D.E. 66) is DENIED as moot.

IT IS SO ORDERED this 5th day of March 2010.

```
                            /s/ Jon P. McCalla_____
                            JON P. McCALLA
                            CHIEF U.S. DISTRICT JUDGE
```